UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>SHANEQUA CHARLES, *et. al.*<br><br>　　　　　　　　　　Defendants. | Case No. 3:23-cr-00005-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

Defendants Devon Jones and Shanequa Charles were indicted in part on three counts stemming from a bank robbery that occurred in Carson City, Nevada in January 2022. Before the Court is Defendant Shanequa Charles' Motion to Sever Trial From Co-Defendant. (ECF No. 33 ("Motion").) The government opposes the Motion.[1] (ECF No. 34.) As further explained below, the Court agrees with the government that Charles has not satisfied Rule 14's high prejudice standard and will deny the Motion.

**II.　BACKGROUND**

The Superseding Indictment contains five counts (counts one through five) against Co-Defendant Jones relating to two robberies that occurred on January 24 and 27, 2022. (ECF No. 11.) Charles was charged in only two of those counts[2]—counts three

---

[1]Charles did not file a reply.

[2]The first two counts charged only Jones relating to his alleged robbery and discharging of a firearm during and in relation to a crime of violence on January 24, 2022. (ECF No. 11 at 2.) The last count charged only Jones with allegedly discharging a firearm

(conspiracy to commit bank robbery) and count four (bank robbery)—involving the second bank robbery. (*Id.* at 3-4.) The robbery involved a bank in Carson City, Nevada and occurred on January 27, 2022. (*Id.*)

Law enforcement was able to identify, from traffic cameras, the likely vehicle involved in the robbery as a Chevrolet Malibu with a California license plate, which was rented to Charles on January 25, 2022. (ECF No. 34 at 2.) Law enforcement subsequently located the vehicle at a hotel in Las Vegas. (*Id.* at 3.)

In the meantime, on January 29, 2022, while at a hotel in Las Vegas, Nevada, Charles notified hotel security to report on Jones, who was demanding entry into her hotel room. (ECF No. 33 at 2.) The Las Vegas Metropolitan Police Department ("LVMPD") responded and ultimately arrested Jones for allegations of possession of controlled substance. (*Id.*) During questioning by LVMPD and a Federal Bureau of Investigation special agent, Jones shared that he "slings bitches and pussy" and he identified the car depicted in photos provided by law enforcement as the vehicle that Charles drove them in to Las Vegas. (*Id.*) During her interview, Charles admitted that she rented the Chevrolet Malibu and drove to Las Vegas with Jones, who she had been dating for four months. (ECF No. 34 at 3.) Law enforcement used location data to confirm that the Chevrolet Malibu was the same vehicle seen by traffic cameras. (*Id.* at 4.)

**III.   DISCUSSION**

Charles contends that a joint trial will prejudice her because of the potential admission of Jones' inculpatory statements about her possession and driving of the vehicle, the presentation of mutually exclusive defenses, and the spillover of more evidence against Jones. The government disputes Charles' contention as to prejudice, and insists that any prejudice may be cured with proper jury instructions. The Court generally agrees with the government.

///

---

during and in relation to a crime of violence (the January 27, 2022 bank robbery charged in count four). (*Id.* at 5.)

Rule 14 permits the Court to order separate trials or "provide any other relief that justice requires" if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). "Rule 14 sets a high standard for a showing of prejudice." *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994). The rule "does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). Moreover, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540.

Charles posits that the government may offer Jones' "inculpatory statements about Ms. Charles being in possession and driving the same car allegedly used in the bank robbery." (ECF No. 33 at 5-6.) And Jones' inculpatory statements will implicate the Confrontation Clause and present a problem under *Bruton v. United States*, 391 U.S. 123 (1968)[3], because she would not be able to confront Jones about his statements assuming he will not testify. (ECF No. 33 at 6.) The Court need not address whether Jones' statement about Charles being in possession of and driving the vehicle is incriminating on its face to raise a Confrontation Clause challenge under *Bruton* because the government responds that they would not need to offer Jones' statement. Moreover, Charles admitted that she rented the car and drove herself and Jones to Las Vegas. And both Charles and Jones denied knowledge about the robbery or any involvement in it. (ECF No. 34 at 6-7.)

Charles next contends that Defendants may offer mutually exclusive defenses. She plans to argue that she did not know of Jones' plan to rob the bank, was not part of his plan, and any role she had afterward was minor. Charles insists she "fully intends to point the figurative finger at Mr. Jones." (ECF No. 33 at 7.) But "[m]utually antagonistic defenses are not prejudicial *per se.*" *Zafiro*, 506 U.S. at 538. Nor is "the desire of one defendant to exculpate himself by inculpating a codefendant" sufficient to require severance. *United*

---

[3]The Supreme Court in *Bruton* established the rule that the Confrontation Clause forbids the prosecution from introducing a non-testifying defendant's confession implicating the other defendant in the crime.

3

*States v. Johnson*, 297 F.3d 845, 858 (9th Cir. 2002) (quoting *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996)). In seeking severance under a mutually antagonistic defense, a defendant must demonstrate that "the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." *Id.* (quoting *United States v. Hanley*, 190 F.3d 1017, 1028 (9th Cir. 1999)). Charles has not made this showing. As the government correctly points out in response, Charles and Jones both deny involvement in the bank robbery so their defenses are not mutually exclusive.

Charles further contends that a joint trial would result in spillover evidence that would prejudice her given the relative weight of the evidence against Jones. (ECF No. 33 at 7-8.) In determining prejudice from spillover evidence, the Court primarily considers "whether 'the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of some of the evidence.'" *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992) (quoting *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980)). Here, the evidence relating to each defendant may be compartmentalized, and limiting jury instructions may cure the prejudice from any spillover evidence, rendering such evidence non-prejudicial, particularly given that this case is not complex. *See Johnson*, 297 F.3d at 856-60 (affirming the trial court's decisions to deny severance requests and finding that any "spillover" evidence was sufficiently addressed through limiting jury instructions during the lengthy and complex trials). For example, the government would have to present evidence of each defendant's alleged involvement in the conspiracy. The jury will also be instructed as to the elements of a conspiracy and proof necessary to find that each defendant entered into "an agreement . . . to commit [bank robbery]" while "knowing of at least one of its objects and intending to help accomplish it." *See* Ninth Cir. Model Crim. Jury Instr. § 11.1 (2019). The jury will further be instructed to consider evidence against each defendant and weight each defendant's guilt separately.

///

In sum, the Court finds that Charles has not met Rule 14's high bar for showing prejudice to support her request for a separate trial. The Court will accordingly deny the Motion.

**IV.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Charles' Motion to Sever Trial From Co-Defendant (ECF No. 33) is denied.

DATED THIS 21st Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE